Commonwealth ex rel. Grierson, Appellant, *v.*
Ashe, Warden, et al.

Submitted September 25, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James Grierson,* appellant, in propria persona.

*Russell H. Adams,* District Attorney, *Louis L. Kaufman, Ralph B. Umsted,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE PATTERSON, October 30, 1945:

This is an appeal by James Grierson, a prisoner in the Western State Penitentiary, from the refusal of the Court of Common Pleas of Allegheny County to issue a writ of habeas corpus.

Petitioner averred in his petition for a writ of habeas corpus that on January 21, 1941, two county detectives came to his home and questioned him with regard to a burglary at the O. K. Grocery Store at Verona, Pennsylvania, on November 2, 1940. They searched his home without a warrant and took him to the Swissvale police station. There he was questioned in some detail regarding said burglary, and refused the privilege of communicating with his wife at the Columbia hospital. After being held at said station for ten days, A. J. Valentine, of the felony squad, and Jerry Deasy, county detective, began questioning him daily regarding other crimes which they accused him of committing. On February 9, 1941, petitioner was taken to the Edgewood police station where he and his brother were questioned continuously for 16 or 18 days. He was urged to admit having committed many unsolved crimes, not only in Allegheny

County but elsewhere. On February 27, 1941, he admitted to the detectives and members of the felony squad that he had burglarized the O. K. Grocery Store at Verona, Pennsylvania.

Petitioner was immediately taken before a justice of the peace, and, for the first time, an information was made charging him with burglary. He pleaded "guilty" to this charge of burglary. The following day, February 28, 1941, he was sent to the county jail and later was taken before Judge DITHRICH and, in open court, pleaded "guilty" to said charge. On June 9, 1941, Judge DITHRICH imposed the following sentence: "Defendant sentenced to pay a fine of 6¼¢ to the Commonwealth, pay costs of prosecution and undergo imprisonment of not less than 20 years or more than 40 years in the Western Penitentiary and stand committed. Sentence in accordance with the Habitual Criminal Act as second offender. This sentence effective as of February 28, 1941, to run concurrent with any sentence for revocation of Parole."

On December 16, 1932, after a jury found petitioner guilty on four bills charging him with having received stolen goods, he was sentenced to not less than 1½ years nor more than 3 years on each bill in the Western Penitentiary. On October 18, 1938, the Governor commuted the sentences as follows: Bill No. 10 from a maximum of 3 years to a maximum of 2 years 11 months and 28 days, expiring on December 14, 1938; Bill No. 67 from a maximum of 3 years to a maximum of 1 day, expiring on December 15, 1938; and Bill No. 66 from a minimum of 1½ years to a minimum of 1 day, expiring on December 16, 1938. On December 16, 1938, petitioner was released on parole.

Petitioner contends that (1) He was denied assistance of counsel and an opportunity to see the witnesses against him; (2) his guilty plea was coerced by the county authorities; (3) his previous sentences had been "lumped" and he was erroneously returned to prison as a parole violator; and (4) the record does not support his conviction as a second offender.

In *Commonwealth ex rel. McGlinn v. Smith,* 344 Pa. 41, Mr. Justice MAXEY, now Chief Justice, said (p. 48) : "This court has never countenanced the idea that the accused in a criminal case when the charge is other than murder is being deprived of a constitutional right if he is not informed in advance of his trial that counsel will be assigned him upon request."

Consideration of all the facts and circumstances alleged by petitioner does not compel the conclusion that the plea of guilty was in any manner coerced. He pleaded guilty to burglary in open court and cannot now, in this proceeding, challenge the propriety of the court in accepting his plea. His assertions that his detention prior thereto was unlawful do not afford justification for issuance of a writ of habeas corpus.

Whether the prison authorities improperly "lumped" the sentences imposed in 1932 and considered them as being a sentence of not less than 6 nor more than 12 years is immaterial here. The commutation of the sentences on Bills Nos. 10 and 67 to a maximum of 1 day, expiring on December 15, 1938, removes them from our consideration. On December 16, the day of Grierson's parole, his minimum sentence of 1 day on Bill No. 66 had expired. He was, therefore, properly paroled. Upon violation of said parole he was required to serve the balance of the maximum sentence of three years. *Commonwealth ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265.

The remaining time must be served before the sentence on the charge of burglary commences. The Act of 1911, P. L. 1055, as amended, 61 P. S. 305, provides: ". . . but, if sentenced to the penitentiary from which said convict was released on parole, then the service of the remainder of the said term originally imposed shall precede the commencement of the term imposed for said crime."

Whether petitioner was properly sentenced as a second offender need not now be considered, and we express no opinion thereon. Even though it might have been im-

proper in view of the terms of the second offender statute as enacted in 1939 [Act of 1939, P. L. 872, Section 1108, 18 P. S. Section 5108 (a)[1]], petitioner has not served the minimum term of ten years for burglary and has no present right to release from custody.

The appeal is dismissed.[2]

---

[1] "Whoever after having been convicted within or without this Commonwealth of the crime, or attempt to commit the crime, of treason, murder, voluntary manslaughter, sodomy, buggery, burglary, entering with intent to steal, robbery, arson, mayhem, kidnapping, sale of narcotics, perjury, abortion, pandering, incest, or any offense committed or attempted to be committed through the instrumentality of or with the aid of a deadly weapon or gunpowder or other explosive substance or corrosive fluid, may, upon conviction of any of such crimes for a second offense committed within five (5) years after the first offense, or subsequent offense committed within five (5) years after the prior offense, be sentenced to imprisonment for a term, the maximum of which shall not be more than twice the longest term prescribed upon a first conviction of the crime in question."

[2] REPORTER'S NOTE: On March 11, 1946, the Supreme Court of the United States denied a petition for a writ of certiorari, 327 U. S. —.