The People of the State of New York, Respondent, v. Harold K. White, Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order denying defendant's motion to set aside an indictment.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

Joseph McNamara, Respondent, v. City of Niagara Falls, Appellant.— Judgment and order affirmed, with costs. All concur, except Taylor, P. J., who dissents and votes for reversal and for dismissal of the complaint on the ground that plaintiff has failed to establish any cause of action. (Appeal from a judgment for plaintiff in a negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

Mary McNamara, Respondent, v. City of Niagara Falls, Appellant.— Judgment and order affirmed, with costs. All concur, except Taylor, P. J., who dissents and votes for reversal and for dismissal of the complaint on the ground that plaintiff has failed to establish any cause of action. (Appeal from a judgment for plaintiff in a negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

Richard Hill, Respondent, v. Jack F. A. Hunt, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding of the jury as to plaintiff's damages is against the weight of the credible evidence. All concur. (Appeal from a judgment for plaintiff in an automobile negligence action. The order denies a motion for a nonsuit and for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

In the Matter of Ruby C. White et al., Respondents, against John B. Hartnett et al., Constituting the Board of Appeals of the Town of Perinton, Appellants.— Order reversed on the law, with $50 costs and disbursements, and determination of the board of appeals of the town of Perinton confirmed. Memorandum: It was conceded on the argument that the premises in question are in an "Industrial Use District". It is noted that the ordinance in question relating to "residential use districts" provides "no structure or premises shall be used and no structure shall be erected or structurally altered, which is arranged, intended or designed to be used for other than one of the following uses:" after which the permitted uses are set forth. (§ 16.) It follows that in those districts uses not permitted are prohibited by the words of the ordinance. The section relating to industrial use districts is quite different, it reads: "Any use permitted in the residential use districts or in the commercial use districts shall also be permitted in the industrial use districts, and in addition thereto, any industry or factory or other industrial plant is permitted within the industrial use districts, except that nothing contained herein shall be construed as permitting the erection or operation of structures or use of land for any purpose which shall constitute a nuisance, or is not permitted by general statutes." (§ 35.) There is nothing in the section which prohibits the use of the building in question from being used as a "Labor Camp", whether or not it could be