**UNITED STATES ex rel. WHITE v. MARTIN.**

No. 258, Docket 22371.

United States Court of Appeals Second Circuit.

Argued May 12, 1952.

Decided May 29, 1952.

Harold K. White, *pro se.*

Nathaniel L. Goldstein, Atty. Gen. of the State of New York, Vincent A. Marsicano, Asst. Atty. Gen., of counsel, for respondent-appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

The relator, Harold K. White, was indicted and convicted in Steuben County, New York, of the crime of sodomy and confined in the State Prison at Attica, New York. Shortly thereafter, he moved to set aside his conviction on the ground that women were intentionally excluded from the grand jury which indicted him. This motion was heard before a judge of the New York Supreme Court and denied. That decision was affirmed by the Appellate Division, Fourth Department, People v. White, 278 App.Div. 750, 104 N.Y.S.2d 798, without opinion, and, on May 17, 1951, the Court of Appeals denied an application for leave to appeal. White then petitioned the United States District Court for the Western District of New York for a writ of habeas corpus, which was denied on September 6, 1951. On September 24, 1951, the district court issued a certificate of probable cause for appeal from its order, see 28 U.S.C.A. § 2253.

A federal court has no power to grant a writ of habeas corpus on behalf of a state prisoner unless he has exhausted

the remedies available in the state courts. 28 U.S.C.A. § 2254. Since the relator did not petition the United States Supreme Court for a writ of certiorari from the denial of his appeal by the New York Court of Appeals, it is clear that he has not satisfied that requirement. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. Moreover, it would appear that there is still a remedy available in the New York courts which the relator has not yet attempted to invoke, let alone exhausted. See Bojinoff v. People, 299 N.Y. 145, 85 N.E.2d 909.

Accordingly the appeal is dismissed.