Commonwealth ex rel. Kunkle *v.* Claudy, Appellant.

Argued April 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Frank P. Lawley, Jr.,* Assistant Deputy Attorney General, with him *L. Alexander Sculco,* District Attor-

ney, *Randolph C. Ryder,* Deputy Attorney General, and *Robert E. Woodside,* Attorney General, for appellant.

*D. J. Snyder, Jr.,* with him *Elmer Kunkle,* appellee, in propria persona.

OPINION BY RHODES, P. J., October 1, 1952:

This is an appeal by the Commonwealth[1] from an order of a Judge of the Court of Common Pleas of Westmoreland County granting relator's petition for writ of habeas corpus and discharging him from the custody of the Warden of the Western State Penitentiary. Upon the appeal being taken a supersedeas was granted.

The determinative question is whether relator, having been convicted of a crime while on parole and sentenced to the penal institution from which he had been released on parole, must first serve the remainder of the term originally imposed before the commencement of the term imposed for the later crime. In numerous decisions we have answered the question in the affirmative.

Relator pleaded guilty to an indictment in the Court of Oyer and Terminer of Westmoreland County at No. 179, November Term, 1940, charging (1) burglary, and (2) larceny; and on December 9, 1940, he was sentenced by that court to a term of not less than five years nor more than ten years in the Western State Penitentiary, to be computed from November 12, 1940.

---

[1] See *Com. ex rel. Master v. Baldi,* 166 Pa. Superior Ct. 413, 428, 72 A. 2d 150 (allocatur refused by Supreme Court of Pennsylvania, 166 Pa. Superior Ct. xxiv; certiorari denied by Supreme Court of United States, 340 U. S. 866, 71 S. Ct. 88, 95 L. Ed. 632).

On November 12, 1945, the expiration of his minimum sentence, he was released on parole. During the period of his parole he was indicted in the Court of Oyer and Terminer of Westmoreland County at No. 6, May Term, 1947, for (1) burglary, (2) larceny, and (3) receiving stolen goods. He was tried and found guilty by a jury; and on June 13, 1947, he was sentenced to the Western State Penitentiary (from which he had been released on parole) to a term of not less than three years nor more than six years "to be computed from April 10, 1947,"—which was the date of his arrest and incarceration for such offenses. At that time there remained unserved of his original maximum sentence a period of five years.

On August 24, 1951, the Pennsylvania Board of Parole reparoled relator for the remainder of the sentence imposed at No. 179, November Term, 1940, effective September 14, 1951, after serving four years, five months, and four days of the remaining five years of his original maximum sentence which had not been served when he was recommitted to the penitentiary. He was then reentered to begin serving the sentence imposed at No. 6, May Term, 1947.

On January 18, 1952, relator filed his petition for writ of habeas corpus in the Court of Common Pleas of Westmoreland County on the grounds that (1) the sentence at No. 6, May Term, 1947, ran concurrently with the balance of his original sentence at No. 179, November Term, 1940, and that (2) the sentence at No. 6, May Term, 1947, was therefore illegal under section 10 of the Act of June 19, 1911, P. L. 1055, as amended by the Act of June 22, 1931, P. L. 862, §1, 61 PS §305. Upon the presentation of the petition a rule to show cause was granted; and answers were filed by the Warden of the Western State Penitentiary and the District Attorney of Westmoreland County.

On February 1, 1952, the Court of Common Pleas of Westmoreland County filed an order by Judge Mc-WHEERTER, wherein after reciting that "Whereas, the records in this case clearly indicate that it was the intention of the trial judge that the defendant be imprisoned for the term of three to six years commencing April 10, 1947, the defendant having served more than the minimum of said sentence as imposed," the court ordered relator discharged from custody.

On this appeal relator argues that the designation of the effective date of the sentence at No. 6, May Term, 1947, as of April 10, 1947, automatically made that sentence and the balance of the original sentence run concurrently, and that it was the intention of the trial judge[2] that the sentence for the new crime committed during parole was to be computed to begin and take effect as of April 10, 1947. Consequently, he contends that the sentence imposed at No. 6, May Term, 1947, should be revoked, annulled, and vacated, and that he be discharged from custody.

The order of the court below must be reversed and the writ of habeas corpus refused.

In the first place, the effect of the order of the court below is to hold that the service of the remainder of the term originally imposed was concurrent with service of the term imposed for the crime committed during the period of parole. This is in conflict with the decisions of this Court and of our Supreme Court.[3] Moreover, the manner and order of service having been

---

[2] The trial judge, Judge KEENAN, was not a judge of the Court of Common Pleas of Westmoreland County at the time relator's petition for writ of habeas corpus was presented.

[3] *Com. ex rel. Lerner v. Smith*, 151 Pa. Superior Ct. 265, 30 A. 2d 347; *Toliver v. State Board of Parole*, 157 Pa. Superior Ct. 218, 42 A. 2d 285; *Com. ex rel. McDevitt v. Burke*, 166 Pa. Superior Ct. 194, 197, 198, 70 A. 2d 663; *Com. ex rel. Little v. Keenan*, 168

provided by law,[4] the intention of the sentencing judge is immaterial. In *Toliver v. State Board of Parole,* 157 Pa. Superior Ct. 218, 42 A. 2d 285, the petitioner had been convicted of a new crime committed while on parole, and was thereupon sentenced to the penitentiary from which he had been released on parole to serve four and one-half to nine years, to be effective from July 14, 1938, and to run concurrently with back parole time on the previous commitment. This Court said, at page 220 of 157 Pa. Superior Ct., page 286 of 42 A. 2d: "This latter portion of this sentence, 'to run concurrently,' was illegal. The law required him to serve the unexpired portion of his original sentence before he commenced to serve the sentence imposed for the crime committed while under parole."

The designation of the effective date of the sentence imposed for the crime committed while on parole does not mean that such sentence is to be served concurrently with the unexpired portion of his original sentence, that is, the remainder of the term originally imposed; the effective date of such sentence is supplied merely to compensate for the time spent in confinement from the date of arrest in conformity with section 1 of the Act of May 28, 1937, P. L. 1036, 19 PS §894.[5] *Com. ex rel. Harman v. Burke,* 171 Pa. Superior 547, 91 A. 2d 385.

---

Pa. Superior Ct. 125, 128, 78 A. 2d 27; *Com. ex rel. Westwood v. Gackenbach,* 169 Pa. Superior Ct. 637, 84 A. 2d 380; *Com. ex rel. Grierson v. Ashe,* 353 Pa. 1, 4, 44 A. 2d 239; *Miller v. Erie County Court of Common Pleas,* 356 Pa. 396, 397, 52 A. 2d 223; *Com. ex rel. Wheeler v. Smith,* 104 Misc. Docket No. 8, Supreme Court.

[4] Section 10 of the Act of June 19, 1911, P. L. 1055, as amended by the Act of June 22, 1931, P. L. 862, §1, 61 PS §305.

[5] Relator was allowed credit for the period of incarceration (63 days) between his arrest on April 10, 1947, and the date of imposition of sentence on indictment at No. 6, May Term, 1947, on June 13, 1947.

It is stated that relator's maximum sentence imposed at No. 6, May Term, 1947, will expire July 11, 1957. His release prior thereto may be effected only by exercise of the power lodged in other authorities than the courts of this Commonwealth.

The order of the court below is reversed, and the writ of habeas corpus is refused.