598

## KUNKLE v. CLAUDY.
### No. 275.

United States District Court
M. D. Pennsylvania.
June 9, 1953.

Elmer Kunkle, pro se.

No appearance for respondent.

FOLLMER, District Judge.

Elmer Kunkle, a prisoner at the Rockview Branch of the Western State Penitentiary, seeks leave to file a petition for Writ of Habeas Corpus in forma pauperis. The sole basis for his petition is that while on parole he was convicted of a crime committed during such parole and on June 13, 1947, was sentenced in the Court of Common Pleas of Westmoreland County, Pennsylvania, to a term to be computed from April 10, 1947, and that consequently service thereof would run concurrently with the service of the balance of the original sentence on which he had been paroled. The facts appear in more detail in Com. ex rel. Kunkle v. Claudy, 1952, 171 Pa. Super. 557, 91 A.2d 382.

The law of Pennsylvania is well settled that where a convict, for a crime committed during his parole, is legally sentenced to the penitentiary from which he has been released on parole, "then the service of the remainder of the said term originally imposed shall precede the commencement of the term imposed for said crime." [1] This is not an unusual provision. Analogous provisions are found in the Federal law.[2] No Constitutional right, as the basis for a proceeding in habeas corpus, is involved.

Aside from this petition being totally lacking in merit, petitioner does not allege that he has applied to the United States Supreme Court for writ of certiorari and has not therefore shown that he has exhausted his State remedies.[3]

1. Act of June 19, 1911, P.L. 1055, § 10, as amended by the Act of June 22, 1931, P.L. 862, 61 P.S. § 305; Com. ex rel. Grierson v. Ashe, 353 Pa. 1, 44 A.2d 239; Com. ex rel. Lerner v. Smith, 151 Pa.Super. 265, 30 A.2d 347; Toliver v. State Board of Parole, 157 Pa.Super. 218, 42 A.2d 285.

2. See e. g. (1) Mandatory provisions as to separate sentences and order of service under former 18 U.S.C. (1940 Ed.) §§ 753h and 909 [now 18 U.S.C. § 751]; (2) the limitations on the power of the court in 18 U.S.C. § 3568; (3) United States ex rel. Brown v. Hill, 3 Cir., 74 F.2d 822; Tippitt v. Wood, 78 U.S.App.D.C. 332, 140 F.2d 689.

3. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; United States ex rel. Auld v. Warden of New Jersey State Penitentiary, 3 Cir., 187 F.2d 615; United States ex rel. White v. Martin, 2 Cir., 197 F.2d 147; Willis v. Utecht, 8 Cir., 185 F.2d 210; Cooper v. Cranor, 9 Cir., 182 F.2d 256; Jones v. Mayo, 5 Cir., 181 F.2d 92; Darcy v. Heinze, 9 Cir., 194 F.2d 664.

The application for leave to proceed in forma pauperis for a Writ of Habeas Corpus will be denied and order entered accordingly.