Commonwealth ex rel. Kitzinger, Appellant, *v.* Claudy.

Submitted April 16, 1953. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Gunther and Wright, JJ.

*Robert Kitzinger,* appellant, in propria persona.

*James F. Malone, Jr.,* District Attorney and *Albert A. Fiok,* Assistant District Attorney, for appellee, submitted a brief.

OPINION BY RHODES, P. J., July 14, 1953:

Relator was indicted and convicted in the criminal courts of Allegheny County of certain crimes committed while on parole from the Western State Penitentiary. On June 26, 1940, he was returned to the penitentiary under the following sentences imposed upon such convictions:

No. 16, January Sessions, 1940, O. & T.—assault and battery with intent to commit armed robbery—9 to 18 years. It was provided that this sentence was to run concurrently with the service of the remainder of the sentences from which relator had been paroled. It appears that relator had 11 years, 11 months, and 17 days to serve of original sentences after violation of parole.

No. 12, January Sessions, 1940, O. & T.—burglary—5 to 10 years, to begin and take effect at the expiration of sentence imposed at No. 16.

No. 63, January Sessions, 1940, Q. S.—felonious assault and battery—3 to 6 years, to begin and take effect at the expiration of sentence imposed at No. 12.

No. 64, January Sessions, 1940, Q.S.—felonious assault and battery—3 to 6 years, to begin and take effect at the expiration of sentence imposed at No. 63.

The record before us does not indicate how these sentences were originally entered on the records of the penitentiary. Presumably they were so entered as to reflect the service of sentence imposed at No. 16, January Session, 1940, O. & T., as being concurrent with service of the remainder of the original maximum sentences from which he had been paroled, which was in accordance with the direction of the court in its imposition of sentence at No. 16. This would seem to be the fact because on April 12, 1950, the parole authorities gave notice to relator in which it was stated that it was desired to clarify the status of his sentences following the ruling of the Superior Court in *Com. ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347. This notice advised him that the expiration date of his original maximum sentences after the violation of his parole was December 2, 1951. The notice further indicated that the new sentences had been compiled as a sentence of not less than 20 years nor more than 40 years, the minimum expiration date being given as December 2, 1971, and the maximum expiration date being designated as December 2, 1991.

On February 5, 1952, relator filed a petition for a writ of habeas corpus in the Court of Common Pleas of Allegheny County, No. 1266, April Term, 1952 B.[1] He apparently contended therein that the sentence imposed at No. 16, January Sessions, 1940, O. & T., was illegal because it had been made to run concurrently with service of the balance of the original maximum sentences from which he had been paroled. Despite the Commonwealth's objection to any modification of the sentence,

---

[1] Relator had filed a petition for writ of habeas corpus at No. 1730 Misc. Docket, Supreme Court, Western District, on September 29, 1950. A hearing was held in the Court of Common Pleas of Allegheny County on March 13, 1951. On May 22, 1951, the Supreme Court discharged the rule previously issued.

the court after hearing entered an order declaring void the sentence imposed at No. 16, January Sessions, 1940, O. & T., and striking it from the record. Such order directed the warden of the penitentiary "to compute the time to be served by the relator under other sentences imposed without reference to the said illegal sentence; and the sentence at No. 12 O. & T. January Term 1940 shall begin and take effect at the expiration of the sentence imposed for violation of parole." Pursuant to this directive the prison authorities computed the expiration date of relator's minimum sentences to be December 2, 1962, and that of his maximum sentences as being December 2, 1973. No appeal was taken from this order, and we are therefore not presently concerned with the propriety and legality of it.[2]

Relator filed another petition for a writ of habeas corpus in the Court of Common Pleas of Allegheny County on September 15, 1952. A rule was issued and a hearing held at which relator was represented by counsel. The Commonwealth made oral answer to the petition at the hearing, and thereafter the District Attorney of Allegheny County filed an answer. The court discharged the rule and dismissed the petition, and relator filed this present appeal from such order.

Relator's present contention appears to be that he was illegally sentenced on bills at Nos. 63 and 64 charging felonious assault and battery because such offenses

---

[2] See, however, *Toliver v. State Board of Parole*, 157 Pa. Superior Ct. 218, 42 A. 2d 285; *Com. ex rel. McDevitt v. Burke*, 166 Pa. Superior Ct. 194, 197, 198, 70 A. 2d 663; *Com. ex rel. Little v. Keenan*, 168 Pa. Superior Ct. 125, 128, 78 A. 2d 27; *Com. ex rel. Westwood v. Gackenbach*, 169 Pa. Superior Ct. 637, 84 A. 2d 380; *Com. ex rel. Pyeatte v. Burke*, 170 Pa. Superior Ct. 355, 85 A. 2d 659; *Com. ex rel. Harman v. Burke*, 171 Pa. Superior Ct. 547, 91 A. 2d 385; *Com. ex rel. Kunkle v. Claudy*, 171 Pa. Superior Ct. 557, 91 A. 2d 382; *Com. ex rel. Holly v. Ashe*, 368 Pa. 211, 82 A. 2d 244.

had merged with the offense of assault and battery with intent to commit armed robbery charged at No. 16, January Sessions, 1940, O. & T., so as to preclude the imposition of a separate sentence for each offense. He also contends that there was a duplication in bills at Nos. 63 and 64 in that the same act is charged in each indictment.

We have little information as to the facts out of which the various indictments arose and this emphasizes the wisdom of the rule that habeas corpus proceedings should not be used as a substitute for an appeal. It appears, however, that different individuals were assaulted during the course of an attempted robbery committed by relator in a public street. A number of shots were fired by him and others in the course of such attempted robbery. The indictment at No. 63, January Sessions, 1940, Q.S., shows that the victim of the charged assault was one Alfred Schnur. One Robert Alonzo Payne was named as the victim of the felonious assault in indictment at No. 64, January Sessions, 1940, Q.S., while Payne and other persons were designated as the victims of the assault and battery with intent to commit armed robbery in the indictment at No. 16, January Sessions, 1940, O. & T. The victims of the assaults being different persons, there was no duplicity of indictments; and, since additional persons were the victims of the assault and battery with intent to commit armed robbery as well as the victim designated in the felonious 'assault charge, there was no merger. *Com. ex rel. Howard v. Claudy,* 172 Pa. Superior Ct. 574, 580, 93 A. 2d 906. One crime did not necessarily involve either of the others. *Com. ex rel. Sawchak v. Ashe,* 169 Pa. Superior Ct. 529, 536, 83 A. 2d 497; *Com. ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A. 2d 920. See *Com. v. Comber,* 374 Pa. 570, 97 A. 2d 343. Further dispositive of relator's contention as to merger is the fact that the

sentence imposed at No. 16, January Sessions, 1940, O. & T., was declared void and stricken from the record by the lower court's order. In legal effect, by reason thereof, this sentence never existed and provided nothing with which a merger could be effected.

Any complaint relator may have had as to the action of the court in declaring void and striking from the record the sentence imposed at No. 16, January Sessions, 1940, O. & T., should have been raised by appeal from such order rather than by a later habeas corpus proceeding. It is difficult to understand how he could object to the court's granting his request. However, the fact that no appeal was taken by the Commonwealth from such order may have been to his benefit rather than to his detriment. In *Com. ex rel. Kunkle v. Claudy,* 171 Pa. Superior Ct. 557, 560, 91 A. 2d 382, 384, it is stated: "In the first place, the effect of the order of the court below is to hold that the service of the remainder of the term originally imposed was concurrent with service of the term imposed for the crime committed during the period of parole. This is in conflict with the decisions of this Court and of our Supreme Court. Moreover, the manner and order of service having been provided by law, the intention of the sentencing judge is immaterial."

The order is affirmed.