## Commonwealth ex rel. Wright, Appellant, *v.* Banmiller.

Submitted December 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*James J. Wright,* appellant, in propria persona.

*William H. Wolf, Jr.* and *Arlen Specter,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., March 22, 1961:

This is an appeal from the dismissal of a petition for writ of habeas corpus. On February 5, 1960, James J. Wright, an inmate of the State Correctional Institution at Philadelphia, petitioned the Court of Common Pleas of Philadelphia County for a writ of habeas corpus. A rule to show cause was granted and an answer was filed by the superintendent of the institution. No answer was filed by the Board of Parole and it does not appear that it had notice of the rule to show cause. Relator was permitted to proceed in forma pauperis. On March 11, 1960, he appeared before Judge REIMEL and orally argued the merits of his petition. On April

14, 1960, the rule to show cause was discharged and the petition was dismissed.

The record discloses that on January 10, 1952, relator, represented by counsel, pleaded guilty to two bills of indictment at Nos. 271 and 272 March Sessions, 1951, charging him with robbery and carrying a concealed weapon. On the same day, he was sentenced on the robbery charge to a term of not less than four years nor more than ten years in the Eastern State Penitentiary.[1] Sentence was suspended on the charge of carrying a concealed weapon. On February 20, 1956, relator was released on parole but on October 19, 1956, he violated parole when he was charged with conspiracy to commit burglary and larceny and the commission of burglary, larceny and receiving stolen goods at Nos. 1761 and 1762 October Sessions, 1956. Upon being found guilty of burglary, larceny and conspiracy, relator, on May 27, 1957, was sentenced on bill No. 1761 to a term of not less than one year nor more than five years in the Philadelphia County Prison. Sentence on the conspiracy conviction was suspended. On appeal from the judgment of sentence on these charges, we affirmed the conviction.[2]

On September 18, 1958, the Board of Parole granted relator parole from the sentence imposed at No. 1761 October Sessions, 1956, and ordered his return to the Eastern State Penitentiary to serve at least three years of his previous unexpired sentence as a parole violator, effective October 19, 1958. The petition for writ of habeas corpus attempted to challenge the legality of this sentence.

---

[1] This institution is presently known as State Correctional Institution at Philadelphia.

[2] See *Commonwealth v. Wright*, 187 Pa. Superior Ct. 39, 142 A. 2d 336.

In his brief, relator advanced many contentions in an attempt to show that his conviction and sentence were illegal and in violation of the due process clause of the 14th Amendment of the United States Constitution. These contentions may be summarized in three categories: (1) alleged irregularities in connection with his extradition from Washington, D. C., to Philadelphia; (2) matters involving alleged irregularities of prison administration and the Board of Parole, and (3) conspiracy by court officials, attorneys and prison officials to deprive him of his constitutional rights.

While serving a sentence in the Lorton Reformatory in Virginia, relator was interrogated by two officers of the Metropolitan Police of Washington, D. C., relative to his complicity in a robbery which was committed in Philadelphia. Later he was removed to the District of Columbia jail and was subsequently charged before the Municipal Court of the District of Columbia as a fugitive from justice. He refused to waive extradition but, after hearing, he was ordered to be returned to Philadelphia. Pending extradition, the Philadelphia police allegedly threatened him with dire consequences if he did not confess; that pending extradition hearing he was held in prison for a period longer than it was necessary; that false testimony was given at such hearing, and that he was "spirited" away from the assistance of his counsel immediately after the hearing. No appeal was filed from the adjudication ordering his return although he had this right. Moreover, no evidence was offered at the habeas corpus hearing to substantiate the charges of irregularity involving his extradition. At the time of trial on these charges relator entered his plea of guilty. He cannot now raise such alleged irregularities after the entry of a plea and sentence as any such alleged irregularities are waived. *Commonwealth ex rel. Howard v. Claudy,* 172 Pa. Superior Ct. 574, 93 A. 2d 906.

Relator's second contention is that upon his commitment he was forced to undergo a series of tests and interviews at the Eastern Diagnostic Classification Center; that the summary of these tests and interviews were based upon false allegations, misstatements and half-truths. His mail was suppressed and otherwise mishandled; his visitor privileges were withheld to create substantiation for the claim of prison officials that he is a mental defective and to hamper his fight for freedom; that he was advised by a representative of the Board of Parole that if he would stop appealing his conviction, he would be granted a parole and that the Board of Parole falsified his records with a "deliberate aim to confuse and contest the true facts." He further contends that the Board of Parole improperly committed him to the Eastern Correctional Diagnostic and Classification Center for violation of parole and that he was required to undergo unwarranted hospitalization. These matters cannot be reviewed on habeas corpus. Courts may not superintend matters of treatment and discipline in penal institutions. *Commonwealth ex rel. Tancemore v. Myers*, 189 Pa. Superior Ct. 270, 150 A. 2d 180; *Commonwealth ex rel. Rogers v. Claudy*, 170 Pa. Superior Ct. 639, 90 A. 2d 382. Likewise, the action of the Board of Parole in recommitting a person for violation of parole cannot be reviewed by habeas corpus. *Commonwealth ex rel. Biglow v. Ashe*, 348 Pa. 409, 410, 35 A. 2d 340; *Commonwealth ex rel. Hendrickson v. Hendrick*, 193 Pa. Superior Ct. 559, 165 A. 2d 261; *Commonwealth ex rel. Di Camillo v. Burke*, 172 Pa. Superior Ct. 10, 91 A. 2d 916. Other alleged actions of the Board of Parole are clearly matters of penal administration and outside the scope of review by habeas corpus. Even where a prisoner charges that he has been victimized by cruel treatment, he must show that he has exhausted the administrative remedies provided

for by law.  *Commonwealth ex rel. Thompson v. Day,* 182 Pa. Superior Ct. 644, 128 A. 2d 133.

The third and final broad contention is that certain court officials, attorneys and prison officials have entered into a conspiracy to deprive him of his constitutional rights.  This contention is likewise without proof and was properly dismissed by the court below.  In any event, proof of such allegations would afford no basis for release from a lawful confinement.  Relator did allege that his own counsel betrayed and tricked him into entering a plea, and the court below granted a hearing to permit him to offer proof of such allegation.  This, too, lacked any substantiation and was properly dismissed.

The court below gave every opportunity to relator to make out his case and properly concluded that nothing of merit was presented for the issuance of a writ of habeas corpus.

Order affirmed.