298

COMMONWEALTH of Pennsylvania ex
rel. William RAWLINGS

v.

Theodore BOTULA, Superintendent, Allegheny County Workhouse, Blawnox, Pennsylvania, Board of Parole.

Civ. A. No. 66-096.

United States District Court
W. D. Pennsylvania.

Aug. 22, 1966.

Theodore Botula, pro se.
No appearance for the Government.

## OPINION

ROSENBERG, District Judge.

William Rawlings, an inmate of the Allegheny County Workhouse, Blawnox, Pennsylvania, is here with a Petition for Writ of Habeas Corpus, in forma pauperis. While the petitioner does not disclose the exact nature and details of his charge and conviction, he alleges that he was sentenced by the State of Pennsylvania to a term of 18 months to 4 years in the Allegheny County Workhouse, sentence to commence running September 10, 1961.

The petitioner also alleges that he was paroled and that thereafter, after a hearing but without benefit of counsel, he was recommitted as a parole violator. He contends (1) that recommitment by the Board of Parole is an il-

legal procedure; (2) that he should have been returned to the original committing court for recommitment for any violation of parole; and (3) that the Board of Parole had no authority to change his maximum sentence, set by the trial judge, due to terminate on September 10, 1965.

Subsequent inquiries were made by me in an effort to obtain the records and transcripts in regard to the petitioner. I now have before me a Certificate of the Chairman, of the Pennsylvania Board of Parole, pursuant to Pennsylvania Statute, 1941 August 6, P.L. 861, § 8, 61 P.S. § 331.8, and copies of the indictments and other court records of Fayette County, Pennsylvania, relating to the petitioner's incarceration while on parole from the Allegheny County Workhouse.

The petitioner was originally sentenced to 18 months to 4 years upon conviction of three indictments charging false pretence. Sentences were imposed to run concurrently, effective September 11, 1961; the petitioner was paroled on June 3, 1963; in August, 1964, the Parole Agent learned that the petitioner had been passing checks along with another parolee in the amount of $4,000; the petitioner could not be located and was declared delinquent by the Parole Board, effective July 10, 1964; he was subsequently arrested by the West Virginia State Police on August 19, 1964, as an "absconder"; he was taken to and lodged in the Fayette County, Pennsylvania, jail on August 24, 1964; charged with four separate indictments on various forgeries and passing worthless checks. He pleaded guilty to these latter charges on December 15, 1964, and was sentenced to a term of 11 and ½ to 23 months in the Fayette County jail, effective August 24, 1964. The Parole Board in an executive meeting held October 14, 1965, ordered his return to the Allegheny County Workhouse as a convicted parole violator. He was returned to the Workhouse on October 19, 1965. On the basis of the return as a parole violator, he now petitions for a writ of habeas corpus.

The privilege of parole in a prisoner who has been sentenced upon conviction of criminal charges is a matter for dispensation by the States as an adjunct to their right to determine their own penological system. Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 28 A.2d 897, 143 A.L.R. 1473 (1943).

In Pennsylvania parole procedures are provided for by the Board of Parole Act of August 6, 1941 (1941, Aug. 6, P.L. 861; 61 P.S. § 331.1 et seq., Penal Institutions). Release from service of a prison term is not a matter of right, nor does it absolve the parolee from the obligation to serve a prior sentence. It is merely a conditional release. The Supreme Court of Pennsylvania has stated:

" * * * Rather, it is a matter of grace and mercy, and the granting, reinstatement and revocation of parole is within the exclusive jurisdiction of the Board." Commonwealth ex rel. Hendrickson v. State Board of Parole, 409 Pa. 204, 207–208, 185 A.2d 581, 584 (1962), cert. den. 374 U.S. 817, 83 S.Ct. 1713, 10 L.Ed.2d 1041.

The Board of Parole Act of 1941, as amended, provides:

"(a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, *at the discretion of the board,* be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole * * * *"

(Emphasis supplied) 1941, Aug. 6, P.L. 861, § 21.1, added 1951, Aug. 24, P.L. 1401, § 5, as amended 1957, June 28, P.L. 429, § 1 and 61 P.S. § 331.-21a.

■ The petitioner's contention that recommitment by the Board of Parole is an illegal procedure has no merit. The 1941 Act and the earlier 1911 Act (61 P.S. § 305) which it replaces and which also provided for the recommitment of a parolee upon conviction of a crime during parole and required the parolee to serve the unexpired portion of his original sentence, has been upheld in a number of constitutional challenges. United States ex rel. Kloiber v. Myers, 237 F.Supp. 682 (D.C.Pa., 1965) ; Kunkle v. Claudy, 112 F.Supp. 598 (D.C.Pa., 1953) ; Commonwealth ex rel. Banks v. Cain, supra; Commonwealth ex rel. Harman v. Burke, 171 Pa.Super. 547, 91 A.2d 385 (1952).

■ The provisions of the Act are equally applicable to parolees from county prisons and workhouses as well as from State penitentiaries. Commonwealth ex rel. Westwood v. Gackenbach, 169 Pa.Super. 637, 84 A.2d 380 (1951) ; Commonwealth ex rel. Little v. Keenan, 168 Pa.Super. 125, 78 A.2d 27 (1951).

■ The petitioner's second contention that he should have been returned to the original committing court for recommitment is also without merit. Both the authority and procedure for returning a parolee who has violated his parole is contained in the Parole Board Act, and the Act does not contemplate any hearing by the sentencing court prior to his return. Commonwealth ex rel. Menke v. Reno, 34 Pa.Dist. & Co. R. 659 (1939).

■ The Certificate of the Chairman of the Parole Board states that the petitioner was declared delinquent on parole in July in 1964, he owed two years, two months and eight days to the fulfillment of the sentence imposed by the Allegheny County Court. Adding this time to the date when he was returned to the Allegheny County Workhouse, after serving the subsequent sentence in Fayette County (October 19, 1965), we arrive at December 27, 1967, as the completion date of service on the remainder of his previously entered and unfulfilled term. The petitioner contends that his free time while a parolee should be credited to him as if he had actually been serving jail time. The Act does not authorize this. It specifically directs that in the event of recommitment, "he shall be given no credit for the time at liberty on parole."

The petitioner's third contention is that the Board of Parole has no authority to change his maximum sentence. The computation of the maximum sentence of a parole violator who is recommitted to prison is mandated by the Act of August 6, 1941, P.L. 861, § 21.1, added by the Act of August 24, 1951, P.L. 1401, § 5, and amended by the Act of June 28, 1957, P.L. 429, § 1.

The petitioner does not indicate that he has resorted to any of the remedies provided by the State to challenge either his convictions or the propriety of his recommitment as a parole violator. Rather, he has chosen to dispute the legality of the total procedure for recommitment of parole violators. The petitioner has remedies available to him by which he may challenge the propriety of the parole board's action in the exercise of its discretion under the statute; he may question whether or not error has been committed as the statute was applied or mis-applied to him.

■ While a prisoner in legal custody under a valid sentence cannot, by habeas corpus, obtain review of the fairness and impartiality of the hearing at which he was recommitted for parole violation, Commonwealth ex rel. Wright v. Banmiller, 195 Pa.Super. 124, 168 A. 2d 925 (1961), cert. den. 371 U.S. 841, 83 S.Ct. 70, 9 L.Ed.2d 77, arbitrary or unlawful action on the part of the parole board is reviewable by State courts in mandamus proceedings. United States ex rel. Bogish v. Tees, 211 F.2d 69, C.A. 3, 1954.

Under Pennsylvania law, mandamus will lie to compel exercise of discretion vested in administrative officers entrusted with judicial functions and in any judicial officers, or to prevent the arbitrary or unlawful exercise thereof. Commercial Properties, Inc. v. Peternal, 418 Pa. 304, 211 A.2d 514 (1965); Commonwealth v. Caplan, 411 Pa. 563, 192 A.2d 894 (1963); Meadville Area School District v. Department of Public Instruction, 398 Pa. 496, 159 A.2d 482 (1960); Garratt v. City of Philadelphia, 387 Pa. 442, 127 A.2d 738 (1957); Commonwealth ex rel. Galascewski v. Myers, 198 Pa.Super. 638, 186 A.2d 262 (1962); Commonwealth ex rel. Trevethan v. Myers, 189 Pa.Super. 621, 151 A.2d 672 (1959).

I find the petition not only lacking in merit, but as well prematurely presented here before the petitioner has exhausted his State remedies. It must therefore be denied.