**UNITED STATES of America ex rel. Charles E. LYLE,**

v.

**James F. MARONEY, Superintendent State Correctional Institution Pittsburgh, Pennsylvania**

**and**

**Pennsylvania Board of Parole, Paul Gernert Chairman, Leesport, Pennsylvania.**

**Civ. A. No. 66-595.**

United States District Court
W. D. Pennsylvania.

Nov. 3, 1966.

Charles E. Lyle, in pro. per.

OPINION

ROSENBERG, District Judge.

Charles E. Lyle, an inmate of the State Correctional Institution, Pittsburgh, Pennsylvania, is here with a Petition for Writ of Habeas Corpus, in forma pauperis. The petitioner alleges that he was committed to the State Correctional Institution on May 29, 1956, after conviction on charges of burglary, larceny and receiving stolen goods; that he was sentenced to a term of 4 to 10 years, sentence to commence running May 14,

1956; that on May 12, 1961, he was released on parole; that while on parole, on July 29, 1964, he was sentenced to a term of 11 and ½ to 23 months in the Allegheny County Workhouse on charges of fraudulently uttering a forged instrument; that upon his release from the Workhouse on January 29, 1965, he was confined in the Allegheny County Jail until February 11, 1965, at which time he was released into the custody of the Pennsylvania Board of Parole and recommitted as a convicted violator of parole; that he was confined from February 11, 1965, until April 26, 1965, in the Western Correctional Diagonostic and Classification Center; and that on the latter date he was returned to the State Correctional Institution.

The petitioner's contention is that the Pennsylvania Board of Parole exceeded its powers and violated the petitioner's constitutional rights when it extended the petitioner's maximum sentence of 10 years, due to expire May 14, 1966, as imposed by the Court of Oyer and Terminer at Erie in 1956.

This issue was dealt with in the recent case of Commonwealth ex rel. Rawlings v. Botula et al., D.C., 260 F.Supp. 298, and the same principles are applicable here.

It was pointed out in the *Rawlings* case that parole is a conditional release; that under the Board of Parole Act of 1941 a parolee who is convicted of any crime, punishable by imprisonment, while on parole may be recommitted as a parole violator at the discretion of the Board; and specifically under the Board of Parole Act "If his recommitment is so ordered, he shall be re-entered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, *and he shall be given no credit for the time at liberty on parole.  *  *"* (emphasis added) 1941, Aug. 6, P.L. 861, sec. 21.1, added 1951, Aug. 24, P.L. 1401, sec. 5, as amended 1957, June 28, P.L. 429, sec. 1 and 61 P.S. § 331.21a.

On May 12, 1961, when the petitioner was released on parole, he had five years and two days remaining to be served under the maximum of the sentence imposed upon him. When, during his parole, he was convicted of the crime of uttering a forged instrument, which crime was punishable by imprisonment and for which he was imprisoned, the petitioner became subject to recommitment. At that time he was compelled to serve the remainder of the term which he would have been compelled to serve had he not been paroled on May 12, 1961. Therefore, at that time he was compelled by the statute to serve the five years and two days remaining on his original sentence of four to ten years.

The fact that the sentence upon an intermediate crime committed during the time of parole required him to serve a different sentence can have no effect upon his parole time. The parole must be considered as a separate process from the conviction for forgery and as interrupting the parole. The charge of forgery during his parole has this one effect —that, as of the commission and conviction of the subsequent crime, it suspends and holds in abeyance the parole as granted. The recommitment relates back to the time when the release on parole occurred. Under the Pennsylvania statute, the Parole Board is duly authorized to recommit a parole violator as in this case, dating back to and commencing with the date when he was released on parole. Under these circumstances there does not appear to be any violation of the Federal Constitution and a federal court has no authority to entertain jurisdiction.

Since the computation of the maximum sentence of a parole violator who is recommitted to prison is mandated by the Act, and since the Act has been upheld in a number of constitutional challenges, United States ex rel. Kloiber v. Myers, 237 F.Supp. 682 (D.C.Pa.1965); Kunkle v. Claudy, 112 F.Supp. 598 (D.C.Pa. 1953); Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 28 A.2d 897, 143

A.L.R. 1473 (1943); Commonwealth ex rel. Harman v. Burke, 171 Pa.Super. 547, 91 A.2d 385 (1952), the petitioner's contentions are wholly without merit.

The petition must therefore be denied.