Charles E. LYLE, Plaintiff,

v.

Paul GERNERT, Chairman of Penna. Board of Parole, LeesPort, Penna.

and

Theodore H. Rieber, Member, Pittsburgh, Pennsylvania

and

William Butler (Member) Beaver County, Pennsylvania, Defendants.

Misc. No. 4247.

United States District Court
W. D. Pennsylvania.

Feb. 1, 1967.

## OPINION

ROSENBERG, District Judge.

The plaintiff-petitioner Charles Lyle seeks to file a "Complaint in Equity" under the provisions of the Civil Rights Act (42 U.S.C. §§ 1981 and 1983). He requests money damages in the amount of $500,000 from each of the defendants for alleged violations of his civil rights. The plaintiff-petitioner is an inmate of the State Correctional Institution, Pittsburgh, Pennsylvania. The defendants are the chairman and two members of the Pennsylvania Board of Parole.

The basis of the complaint here, the alleged wrongful conduct of the defendants, consisted of their action in recommitting the plaintiff who, while on parole, was convicted of a crime punishable by imprisonment, and on recommitment obligated the plaintiff to serve the total time he would have served had he not been paroled. The defendants acted pursuant to a Pennsylvania statute (Board of Parole Act of 1941, 61 P.S.Pa. § 331.21a) which provided:

"* * * If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, *and he shall be given no credit for the time at liberty on parole* * * *." (Emphasis added.)

Substantially the same chronological events listed in the complaint and the same basic allegations of the unlawful conduct formed the subject matter of a petition for a writ of habeas corpus previously filed by the plaintiff-petitioner and dismissed by this Court. United States ex rel. Lyle v. Maroney, D.C., 260 F.Supp. 689.

In the *Lyle* case, supra, at pages 690–691, it was stated:

"Since the computation of the maximum sentence of a parole violator who is recommitted to prison is mandated by the Act, and since the Act has been upheld in a number of constitutional challenges, United States ex rel. Kloiber v. Myers, 237 F.Supp. 682 (D.C. Pa.1965); Kunkle v. Claudy, 112 F. Supp. 598 (D.C.Pa.1953); Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 28 A.2d 897, 143 A.L.R. 1473 (1943); Commonwealth ex rel. Harman v. Burke, 171 Pa.Super. 547, 91 A.2d 385 (1952), the petitioner's contentions are wholly without merit."

The complaint here is equally without merit and application to file in forma pauperis will be denied.