**UNITED STATES of America ex rel. Charles E. LYLE**

v.

**Hon. Judge Edward CARNEY, President Judge of Erie County, Erie County, Pennsylvania,**
**and**
**District Attorney Richard Brabender, District Attorney of Erie County, Erie County, Pennsylvania.**

**Civ. A. No. 67-1357.**

United States District Court
W. D. Pennsylvania.
Nov. 28, 1967.

Charles E. Lyle, pro se.

## MEMORANDUM AND ORDER

MARSH, District Judge.

█ The relator, Charles E. Lyle, has filed his eleventh proceeding in this court,[1] all related to his incarceration. Several of these proceedings are applications for a writ of habeas corpus, in which the party holding him in custody is named as a respondent. The present application for habeas corpus names as respondents "Hon. Judge Edward Carney, President Judge of Erie County, Erie County, Pennsylvania" and "District Attorney Richard Brabender, District Attorney of Erie County, Erie County, Pennsylvania"; it does not name as respondent the party who has custody of the applicant's person. For this reason the application for the writ must be dismissed. Section 2242, Title 28 U.S.C.A., provides that the application for the writ *shall allege the name of the person who* *has custody over the applicant.* Such failure is fatal to the right to a writ of habeas corpus. Gaito v. Strauss, 368 F. 2d 787, 788 (3d Cir. 1966); King v. State of California, 356 F.2d 950 (9th Cir. 1966); Morehead v. State of California, 339 F.2d 170 (9th Cir. 1964); Roseborough v. People of the State of California, 322 F.2d 788 (9th Cir. 1963).

In the caption of his application, the relator states: "Conspiring to defraud petitioner of his Civil Right"; *"Right to Appeal".* He further states that his petition for the writ of habeas corpus is submitted, inter alia, under § 1443, Title 28 U.S.C.A., providing for removal of civil actions and criminal prosecutions commenced in a state court to a federal district court for the district wherein such action is pending. The relator's petition does not disclose any such civil action or criminal prosecution pending in any state court in this district.

█ Furthermore, the relator may not remove a habeas corpus petition or a petition filed under the Pennsylvania Post Conviction Hearing Act to a federal district court. There is no basis in law for the removal of such proceedings which in substance and effect would make it serve as a procedure for review in lieu of Pennsylvania appellate tribunals. United States ex rel. Hamilton v. Maroney, 355 F.2d 441 (3d Cir. 1966).

█ Finally, it does not appear that the relator has appealed the denial of any of his state court petitions to the Supreme Court of Pennsylvania, and, therefore, he has not exhausted his state remedies. United States ex rel. Ackerman v. Johnston, 139 F.Supp. 890 (W.D. Pa.1955), aff'd 235 F.2d 958 (3d Cir. 1956).

An appropriate order will be entered.

1. Miscellaneous No. 3673, Civil No. 65–1273, Civil No. 65–1307, United States ex rel. Lyle v. Maroney, D.C., 260 F. Supp. 689, Civil No. 66–618, Miscellaneous No. 4222, Miscellaneous No. 4242, Lyle v. Gernert, D.C., 263 F.Supp. 260, Miscellaneous No. 4274, and Civil No. 67–597.