480

Application of Stephen L. WURSTER, Petitioner,

v.

Col. Bert PERRIN, Commanding Officer, U. S. Army Forces, Southern Command, Puerto Rico, Fort Buchanan, Puerto Rico; Col. John B. Moyar, Commanding Officer, Rodriguez U. S. Army Hospital, Fort Brooke, Puerto Rico; Lt. Col. Harry P. Micheli, Commanding Officer, Armed Forces Examining and Entrance Station, Fort Brooke, and the Secretary of the Army of the United States, Respondents.

Civ. No. 414–69.

United States District Court
D. Puerto Rico.

July 30, 1969.

Olaguibeet López-Pacheco, Hato Rey, P. R., for plaintiff.

Charles E. Figueroa, Asst. U. S. Atty., San Juan, P. R., for defendant.

ORDER

CANCIO, Chief Judge.

Case was called on July 3, 1969 for a hearing on an Order to Show Cause issued by this Court on June 23, 1969 and respondents' Return to the Order to Show Cause filed on July 2, 1969.

Appearing for the petitioner was Olaguibeet López-Pacheco, Esquire, from San Juan, Puerto Rico, and for the respondents, Charles E. Figueroa, Assistant U. S. Attorney for this District.

Statements of attorneys for the parties having been heard, the memoranda

of law requested by this Court on the point whether the Court lacks or not jurisdiction over the person of the respondents having been filed and thoroughly examined by this Court, and the Court being fully advised in the premises, the Court finds that it lacks jurisdiction over the person of the respondents. Respondents are not the proper party respondent.

Section 2243, Title 28, U.S.C., provides that:

"The writ * * * shall be directed to the person having custody of the person detained."

The statute, thus, in effect, requires that the respondent be the petitioner's immediate custodian, must have the power to produce the body of the petitioner before this Court and, ultimately, to discharge him from custody in the event the Court would grant the relief sought by the petitioner.

█ The courts have long taken the position that the proper party respondent is "some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." (Wales v. Whitney, 114 U.S. 564, 575, 5 S.Ct. 1050, 1055, 29 L.Ed. 277 (1885)). When the petitioner is being detained by the military, usually the proper respondent is the commanding officer of his military post or installation (Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308, 1946). It is clear that custody is a prerequisite to the availability of the writ. This is so because the only remedy that can be granted on a habeas corpus is some form of discharge from custody (Fay v. Noia, 372 U.S. 391, 427, Note 38, 83 S.Ct. 822, 9 L.Ed.2d 837, 1963). If the petitioner is not in custody at all, the writ will not lie.

█ The Court finds from the evidence at the hearing that petitioner, on January 20, 1969, entered voluntarily into an enlistment contract with the Army. He so admitted in his testimony before the Court. The Court further finds that petitioner's home station was at Fort Jackson, South Carolina, that at the time he filed the petition he was on leave with orders to report to the United States Army Overseas Replacement Center at Oakland, California, not later than June 23, 1969. There is no need for this Court to decide the question of which duty station (Fort Jackson, South Carolina, or U. S. Army Overseas Replacement Center, at Oakland, California) had control of petitioner in the period from May 30 to June 23, 1969. The Court feels that it is enough for the purpose of disposing of this application to find, as the Court does at this time, that the petitioner has never been under the custody, either actual or constructive, nor has been under the control of the respondents. Therefore, the respondents are not the proper party respondent. Section 2243, Title 28 U.S.C., *supra.*

█ The proper party respondent must be within the territorial jurisdiction of the court. It is apparent that a court does not have power to issue a writ unless the person who has custody of a petitioner is within reach of the court's process. (United States ex rel. Keefe v. Dulles, 94 U.S.App.D.C. 381, 222 F.2d 390, cert. den. 348 U.S. 952, 75 S.Ct. 440, 99 L.Ed. 743, 1955). One held in custody must bring the petition for habeas corpus against the proper official. (United States ex rel. Lyle v. Carney, 277 F.Supp. 250, W.D.Pa.1967.)

█ It is readily apparent that neither the Secretary of the Army nor any other official who may be petitioner's commanding officer, can be found in the District of Puerto Rico. Therefore, no person having custody or control of the petitioner is within the territorial jurisdiction of the Court, nor is such person within reach of this Court's process. On that basis alone, jurisdiction appears lacking. It is apparent then that there was no jurisdiction at the time the petition was filed and, therefore, the Court is without power or authority to adjudicate the controversy. The Court is without power to render a valid or binding judgment. United States ex rel. Rudick,

Petitioner v. Laird, Secretary of Defense and Stanley Resor, Secretary of the Army, Respondents, C.A.2, 412 F.2d 16, April 23, 1969.

Therefore, petitioner's application for a Writ of Habeas Corpus must be, and it is hereby, denied. Temporary restraining order issued on June 23, 1969, and subsequently extended, is hereby set aside.

It is so ordered.