**UNITED STATES of America ex rel. Patrick J. HUFFMAN, Appellant,**

v.

**The COMMONWEALTH COURT OF DAUPHIN COUNTY, PENNSYLVANIA et al.**

**No. 18377.**

United States Court of Appeals, Third Circuit.

Submitted Nov. 15, 1971.

Decided Jan. 3, 1972.

Patrick J. Huffman, Pittsburgh, Pa., for appellant.

Peter W. Brown, Deputy Atty. Gen., Harrisburg, Pa., (Leonard Packel, Deputy Atty. Gen., J. Shane Creamer, Atty. Gen., on the brief), for appellees.

Before GANEY, ADAMS and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Petitioner in this application for habeas corpus seeks to challenge the constitutionality of 61 P.S. § 331.21a, which confers on the Board of Parole of the Commonwealth of Pennsylvania authority to recommit a convicted parole violator to serve the remainder of his sentence without credit for the time spent on parole.[1]

The district court did not reach the merits of petitioner's contentions. It held that petitioner had not exhausted state remedies since he had not filed a petition under the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–5, in the Office of the Clerk of the Court for the County in which he was

sentenced. Petitioner was sentenced in Allegheny County; he sought relief in the Commonwealth Court in Dauphin County.

Under 28 U.S.C. § 2254(c),

An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Petitioner has neither filed in the proper court under 19 P.S. § 1180–5, nor pursued an appeal to the highest court in the state. He has clearly not exhausted his state remedies.

The judgment of the district court will be affirmed.

---

1. The constitutionality of this Section has previously been affirmed. United States ex rel. Lyle v. Maroney, 260 F.Supp. 689 (W.D.Pa.1966), cert. den. Lyle v. Maroney, 386 U.S. 998, 87 S.Ct. 1319, 18 L.Ed.2d 347 (1966).