**TOLEDO et al.**

v.

**PUEBLO DE JEMEZ et al.**

Civ. A. No. 2410.

United States District Court
D. New Mexico.

March 8, 1954.

Hannett & Hannett, W. S. Lindamood, Albuquerque, N. M., for plaintiffs.

Grantham, Spann & Sanchez, Albuquerque, N. M., for defendants.

William A. Brophy, Albuquerque, N. M., amicus curiae.

HATCH, District Judge.

Six Jemez Pueblo Indians, all of whom are members of various Protestant denominations, filed a complaint for a declaratory judgment for themselves and in a representative capacity, against the Pueblo de Jemez, a community of Pueblo Indians, in New Mexico, and the Governor of that Pueblo, charging that the Pueblo through its governing body and its Governor has subjected them to indignities, threats and reprisals because of their Protestant faith. All of the plaintiffs and those whom they represent are citizens of the United States.

Specifically, the plaintiffs complain that the Pueblo has refused them the right to bury their dead in the community cemetery; denied them the right to build a church of their own on Pueblo land; prohibited them from using their homes for church purposes; refused to permit Protestant missionaries freely to enter the Pueblo at reasonable times; deprived some of them of the right to use a communal threshing machine which threatened the loss of their wheat crop. They also allege that the officials of the Pueblo threatened them with loss of their birthrights, homes and personal property unless they accept the Catholic religion. All this was done, it is alleged, despite the fact that the Pueblo had validly adopted an ordinance recognizing that every member of the Pueblo should have freedom to worship as his conscience dictates and that no member of the Pueblo should be molested in person or property by the Pueblo on account of his or her mode of religious worship.

It is worthy of emphasis that the plaintiffs carefully acknowledge and allege specifically that the dispute is not between the Catholic and Protestant Churches or faiths as such but is one between the civil authorities of the Pueblo and the plaintiffs who adhere to various Protestant denominations.

The complaint is founded solely on alleged violations of the Civil Rights Act, Title 8, U.S.C.A. § 43,[1] which reads:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The jurisdiction of this court is alleged by the complaint to be based on Title 28, U.S.C.A. § 1343(3) which reads:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

The defendants filed motions to dismiss the complaint on the ground that this court has no jurisdiction for the reason that none of the actions complained of by the plaintiffs was taken under color of any statute, ordinance, regulation, custom or usage of any State or Territory.

Other grounds were contained in the motions to dismiss, but the one set out explicitly is the only one to which consideration need be given.

There is, therefore, presented a serious charge of invasion of religious liberty by a Pueblo Indian tribal government. The question for decision is not whether the tribal government has the right to interfere with the religious beliefs and practices of its members but whether or not the objectionable actions of the Pueblo come within the scope of the Civil Rights Act and whether this court has jurisdiction of this case as it is presented by the complaint.

There are some general allegations in the complaint that the actions of the defendants amounted to a violation of the First Amendment to the Constitution of the United States the guarantees of which it is said are among the privileges and immunities protected from state action by the Fourteenth Amendment. Likewise, in general terms, there are references to the Treaty of Guadalupe Hidalgo, 9 Stat. 922, and to the Kearney Code of Laws of New Mexico. However, the heart of the whole case rests upon the question of whether or not the defendants acted under color of a law, statute, ordinance, regulation, custom or usage of New Mexico.

■ United States District Courts have only special or limited jurisdiction. They have only the jurisdiction that Congress has given them by statute. With jurisdiction so stringently narrowed, it is not every case that may be brought in this court no matter how serious a problem is presented nor how great the necessity for remedial action. Always this court must act within the scope of its jurisdiction. Otherwise, its action is of no validity.

■ For an action to succeed under the Civil Rights Statute which plaintiffs rely on, at least two conditions must exist. First, a person must be subjected to the deprivation of some right, privilege or immunity secured him by the

---

1. Now 42 U.S.C.A. § 1983.

Constitution and laws of the United States. Second, the action complained of must have been done under the color of a statute, ordinance, regulation, custom or usage of a state or territory. To bring themselves within the second condition the plaintiffs contend that by an 1847 Law of New Mexico, now carried as Section 54–1601, N.M.Stat.1941, Ann., all of the Pueblos of New Mexico, including the defendant, were constituted bodies politic and corporate with the right to sue and be sued in certain types of cases and that this is sufficient in and of itself to permit the court to conclude that the action of the defendants was under color of state law. However, the New Mexico Statute does not purport to vest any governmental powers, rights or duties in the Pueblos of New Mexico which are dependent Indian communities, Indian Tribes, under the guardianship of the United States. United States v. Sandoval, 231 U.S. 28, 34 S.Ct. 1, 58 L. Ed. 107; United States v. Candelaria, 271 U.S. 432, 46 S.Ct. 561, 70 L.Ed. 1023. The Pueblo Lands Act, Act of June 7, 1924, 43 Stat. 636, 25 U.S.C.A. § 331 note, is a statutory recognition of the guardianship of the United States over Pueblos or Pueblo Indians. Not to be ignored in this connection is Section 2 of Article 21 of the Constitution of New Mexico which provides that New Mexico disclaims all right to land within its boundaries owned or held by any Indian or Indian tribe, the right or title to which shall have been acquired through the United States or any prior sovereignty. Until the title of the Indian or Indian tribes has been extinguished said lands remain under the absolute jurisdiction and control of Congress. It is Congress and not the State of New Mexico that legislates for the Pueblos of New Mexico.

■ At least since the Sandoval decision in 1913, it has been clear that the Pueblos do not derive their governmental powers from the State of New Mexico. It has, indeed, been held that the powers of an Indian tribe do not spring from the United States although they are subject to the paramount authority of Congress. Talton v. Mayes, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196. Their right to govern themselves has been recognized in such statutes as the Indian Reorganization Act, Act of June 18, 1934, 48 Stat. 984, as amended, 25 U. S.C.A. § 461 et seq.

■ Consequently, there is no basis for holding that the conduct of the defendants of which the plaintiffs complain was done under color of state law, statute, ordinance, regulation, custom or usage.

In these circumstances the Court must conclude that since the defendants did not act under color of state law, statute, ordinance, regulation, custom or usage no violation of the Civil Rights Act has been alleged and the Court, therefore, has no jurisdiction of the case under Section 1343(3) of Title 28 U.S. C.A.

The complaint, therefore, will be dismissed.