**Willie James KING, Appellant,**

v.

**STATE OF CALIFORNIA, Appellee.**

**No. 20362.**

United States Court of Appeals
Ninth Circuit.

Feb. 4. 1966.

Joseph H. Lewis, Los Angeles, Cal., for appellant.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., State of California, Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and ELY, Circuit Judges.

PER CURIAM:

This is an appeal in forma pauperis with appointed counsel in this court from an order of the district court denying a petition for a writ of habeas corpus. See in this connection People v. King, 30 Cal.Rptr. 44 (1963), affirmed as to King, 32 Cal.Rptr. 825, 384 P.2d 153 (1963) cert. den. 379 U.S. 865, 85 S.Ct. 134, 13 L.Ed.2d 69 (1964).

We affirm for two reasons.

1. There is no individually named respondent to whom any writ might issue. The party under whose custody the prisoner is detained has not been named, or served. This is a fatal defect. Morehead v. State of California, 339 F.2d 170, 171 (9th Cir. 1964).

2. Appellant does not prove or claim he is presently entitled to release from detention, even should *one* of his present *two* sentences be held illegal. This is a fatal defect. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Collins v. Klinger, 9th Cir., December 2, 1965, 353 F.2d 731; Wells v. People, 352 F.2d 439 (9th Cir. 1965); Roberts v. Crouse, 350 F.2d 299, 300 (10th Cir. 1965).

We need not reach the remaining two points sought to be heard—namely the alleged illegality of the wife's consent to the search, and the effect on King of the decision of the California Supreme Court with respect to Mackey, in People v. King, et al., supra.

Affirmed.