368 F.2d 787
 Joseph GAITO, Appellant,
v.
Samuel STRAUSS, Edward E. Fagan, Ralph B. Miller, Gregory Scorzafave, Jr., Edward C. Boyle, William Clany Smith, Dennis Timpona, Mike Levine, Robert W. Duggan, Edwin J. Martin et al.
 No. 15842.
 United States Court of Appeals Third Circuit.
 Submitted October 4, 1966.
 Decided November 8, 1966.
 
 Joseph Gaito, pro se.
 Maurice Louik, and Francis A. Barry, Pittsburgh, Pa. (Barry E. Wood, Pittsburgh, Pa., on the brief), for appellees Fagan and others.
 Thomas J. Reinstadtler, Jr., Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for appellee Mike Levine.
 Before FORMAN, FREEDMAN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is an appeal from the order of the United States District Court for the Western District of Pennsylvania dismissing an action under 42 U.S.C. §§ 1983 and 1985 for alleged deprivation of the constitutional rights of appellant, Joseph Gaito, in that the appellees conspired to convict the appellant of certain crimes in the courts of Pennsylvania through the use of illegally obtained evidence, perjured testimony, and other violations of appellant's constitutional rights. The appellant was in fact convicted of these crimes in November 1959. The details of the allegations and the factual background of the case are presented at length in the comprehensive opinion of the District Court reported at 249 F.Supp. 923 (1966). The complaint requested both damages and equitable "relief from the illegally contrived judgment."
 
 
 2
 To the extent that the complaint sought damages, we affirm on the basis of the District Court's conclusion that the action was barred by applicable statutes of limitations. 249 F.Supp. at 931-933. This disposition makes unnecessary any discussion of the other grounds argued by appellant against the judgment of the District Court on the damage phase.
 
 
 3
 Appellant's claim for equitable relief would not, however, be barred by these limitations. See 2 Moore, Federal Practice, § 307[3] (1965). But the District Court could not treat his civil rights complaint as a petition for habeas corpus since the warden of the state prison in which the appellant was incarcerated was not a party, nor does it appear that the complaint alleged other prerequisites for relief under 28 U.S.C. § 2254. Moreover, as the District Court observed, no other form of equitable relief was applicable. 249 F.Supp. at 930.
 
 
 4
 Finally, the appellant notes specially in his reply brief that in the interim between the decision of the District Court and this appeal, the conviction of his co-defendant and brother, Frank Gaito, was vacated by the Pennsylvania Supreme Court because of the admission of an illegally obtained confession. Commonwealth ex rel. Gaito v. Maroney, 422 Pa. 171, 220 A.2d 628 (1966). This circumstance can have no bearing on the grounds for affirmance here.
 
 
 5
 Thus the order of the United States District Court for the Western District of Pennsylvania of February 3, 1966 granting the motions to dismiss the complaint will be affirmed.