**Kenneth L. OSBORN**

v.

**COMMONWEALTH, COURT OF COMMON PLEAS, CRAWFORD COUNTY and Sheriff Zimmer.**

**Civ. A. No. 67–1366.**

United States District Court
W. D. Pennsylvania.

Dec. 12, 1967.

Kenneth L. Osborn, pro se.

## MEMORANDUM AND ORDER

MARSH, District Judge.

The relator, Kenneth L. Osborn, has filed a petition for a writ of habeas corpus in this court, naming as respondents Commonwealth, Court of Common Pleas, Crawford County, and Sheriff Zimmer. It does not name as respondent the Superintendent of the State Correctional Institution at Pittsburgh, Pennsylvania, who presently has custody of the relator as appears from a letter accompanying the petition for the writ. For this reason the application for the writ must be dismissed. Section 2242, Title 28 U.S.C.A., provides that the application for the writ shall allege the name of the person who has custody over the applicant. A person having custody should be named as respondent in the application, for it is he who makes the return certifying the true cause of detention and it is he who carries out the order of the court if the writ is granted. Title 28 U.S.C.A., § 2243. Failure to so allege the person having custody of relator is fatal to the right to a writ of habeas corpus. Gaito v. Strauss, 368 F. 2d 787, 788 (3d Cir. 1966); King v. State of California, 356 F.2d 950 (9th Cir. 1966); Morehead v. State of California, 339 F.2d 170 (9th Cir. 1964); Roseborough v. People of State of California, 322 F.2d 788 (9th Cir. 1963); United States ex rel. Lyle v. Carney, 277 F.Supp. 250 (W.D.Pa. November 28, 1967).

Furthermore, it does not appear from the petition that the relator has exhausted his state remedies. Title 28 U.S. C.A. § 2254. United States ex rel. Ackerman v. Johnston, 139 F.Supp. 890 (W. D.Pa.1955), aff'd 235 F.2d 958 (3d Cir. 1956).

An appropriate order will be entered.