**Otis JOHNSON, Petitioner,**

v.

**STATE OF FLORIDA, Respondent.**

**No. 68–278–Civ–CA.**

United States District Court
S. D. Florida,
Miami Division.

April 5, 1968.

No appearance for petitioner.

Earl Faircloth, Atty. Gen., State of Florida, Tallahassee, Fla., and Arden M. Siegendorf, Asst. Atty. Gen., Miami, Fla., for respondent.

ATKINS, District Judge.

Otis Johnson, on March 6, 1968, filed a petition for writ of habeas corpus in this Court. He contends that his trial counsel, a Public Defender, failed to advise him of his right to appeal and failed to perfect an appeal. The Petitioner also asserts that he was denied the right of counsel because his attorney was incompetent. Several instances of alleged incompetency are set forth in the petition. The petition is denied.

The record reflects that Otis Johnson was tried and convicted in the Criminal Court of Record, Dade County, for the crime of Second Degree Murder. He was sentenced by that court on June 18, 1964, to life imprisonment. Thereafter, he filed a motion pursuant to Florida Criminal Procedure Rule 1.850, 33 F.S.A. (formerly Rule One) to vacate the judgment and sentence. The motion was denied on September 22, 1964. A second and third motion were denied on July 26, 1965 and January 17, 1966, respectively. On April 7, 1966, the court on rehearing vacated and set aside its last order. Full evidentiary hearings were held on July 6, 1966 and September 30, 1966. The motion was denied at the conclusion of the hearings. An appeal was taken to the District Court of Appeal of Florida, Third District. The trial court was affirmed. Johnson v. State, 204 So.2d 224 (Fla.App. 3rd Dist.1967) cert. denied, Johnson v. State, Case No. 36,997 (Fla. February 15, 1968).

Otis Johnson in his petition has named the "State of Florida" as respondent. No other designation of respondent is given.

Title 28, U.S.C. Section 2242 provides in part: "It [the application for a writ of habeas corpus] shall allege the * * * name of the person who has custody over him and by virtue of what claim or authority, if known." It has been held that failure to do so is fatal to the right to a writ of habeas corpus. Gaito v. Strauss, 368 F.2d 787 (3rd Cir. 1966); Mihailoviki v. State of California, 364 F.2d 808 (9th Cir. 1966); King v. State of California, 356 F.2d 950 (9th Cir. 1966); Morehead v. State of California, 339 F.2d 170 (9th Cir. 1964); Roseborough v. People of State of California, 322 F.2d 788 (9th Cir. 1963); United States ex rel. Lyle v. Carney, 277 F.Supp. 250 (W.D.Pa.1967); Osborn v. Commonwealth, 277 F.Supp. 756 (W.D. Pa.1967). See also Jones v. Biddle, 131 F.2d 853 (8th Cir. 1942). This requirement imposed by the United States Congress and followed by the courts is important to the orderly administration of justice. It is the person who has custody of the petitioner who makes the return certifying the true cause of detention and it is he who carries out the order of the

court if the writ is granted. Petitioner's writ is defective in this particular and it should be dismissed for this reason.

The Court, aside from this pleading defect—a curable defect which indubitably resulted from the Petitioner's lack of knowledge, notes a second reason of a more substantial nature that warrants a dismissal of the petition without an evidentiary hearing. It unequivocally appears from the transcript of the evidentiary hearings held by the Criminal Court of Record and the briefs filed on appeal from that court's order denying relief that the questions presented in the instant petition were presented and fully considered in the state court.

■ Title 28, U.S.C. Section 2244, as amended by Congress in 1966, provides:

§ 2244. Finality of determination

\*   \*   \*   \*   \*   \*

(b) When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

Section 2254, as amended by Congress in 1966, in compliment with Section 2244, provides:

§ 2254. State custody; remedies in federal courts

\*   \*   \*   \*   \*   \*

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a considera-

tion of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal Court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

These amendments were adopted by Congress for a threefold reason: (1) to ease the burden on the federal courts with reference to needless evidentiary hearings; (2) to encourage the states to adopt adequate collateral remedies; and (3) to reduce the rising friction between the state and federal judicial systems. They add provisions for a qualified application of the doctrine of res adjudicata to Title 28, U.S.C. Section 2241. 3 U.S. Cong. & Adm.News, pp. 3663, 3664 (1966).

Able counsel for respondent has demonstrated that Otis Johnson has already been given a full opportunity to establish the truth of the allegations presented to this Court. He simply failed to do so. Petitioner does not allege any facts that would bring his petition within any of the eight exceptions enumerated in Section 2254. No useful purpose would be accomplished if an evidentiary hearing were held. This Court accordingly declines to accord an evidentiary hearing to the petitioner. See United States ex rel. Lo. Piccolo v. LaVallee, 377 F.2d 221 (2nd Cir. 1967); Wade v. Yeager, 377 F.2d 841 (3rd Cir.

1967); Allison v. Holman, 216 F.Supp. 69 (M.D. Alabama, 1963).

It is accordingly the order and judgment of this Court that Otis Johnson's petition for writ of habeas corpus be and the same is hereby denied.