**Frederick V. LEFTHAND, an enrolled member of the Crow Tribe of Indians of Montana, Plaintiff,**

v.

**The CROW TRIBAL COUNCIL OF the CROW TRIBE OF INDIANS OF MONTANA et al., Defendants.**

**Civ. No. 927.**

United States District Court,
D. Montana,
Billings Division.

March 29, 1971.

---

Gerald J. Neely, Towe, Neely & Ball, Billings, Mont., for plaintiff.

Keith L. Burrowes, Asst. U. S. Atty., Billings, Mont., for defendant, United States.

Stanton, Hovland & Torske, Hardin, Mont., for defendant, Crow Tribal Council.

## OPINION AND ORDER

BATTIN, District Judge.

This is an action for a preliminary injunction and a declaratory judgment under Title 28 U.S.C., Section 2201. Plaintiff alleges that jurisdiction is conferred upon this court by the Indian Bill of Rights, specifically Title 25 U.S.C., Section 1302(8). Plaintiff's request for a preliminary injunction was denied after hearing testimony and receiving other evidence on February 23, 1971. Defendants have now moved to dismiss the complaint. Briefs in support of and in opposition to the motion have been filed.

In his complaint, plaintiff sets forth facts to show irregularities in the government of the Crow Tribe. The allegations of the complaint may be summarized as follows:

1. That the Executive Committee was illegally constituted and that it had ten members instead of fourteen as required by the Constitution of the Crow Tribe;

2. That a quorum was not present at an Executive Committee meeting where business was conducted;

3. That proper notices were lacking;

4. That copies of proposed resolutions were not furnished to elected representatives in the required time prior to the Tribal Council meeting;

5. That a voucher for the payment of money was certified in violation of a resolution of the Tribe;

6. That certain resolutions were acted upon by the Tribal Council without having been considered by the Executive Committee in violation of the Constitution of the Crow Tribe;

7. That an unauthorized extract of minutes was drawn by the Chairman and Vice-Secretary; and

8. That, with regard to one item, the Chairman arbitrarily denied the right to secret balloting.

The question raised by the motions to dismiss is whether the complaint sufficiently alleges the claim for

relief under Title 25 U.S.C., Section 1302(8). It is the opinion of the court that the complaint does not state a claim for which relief can be granted, and that this court is without jurisdiction over the subject matter of the dispute.

Title 25 U.S.C., Section 1302(8), provides:

> "No Indian tribe in exercising powers of self-government shall—
>
> "* * *
>
> "(8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law; * * *"

It must be noted at the outset, under Articles I and III of the Constitution of the Crow Tribe, that the Crow Tribal Council consists of the entire membership of the Crow Tribe and that all enrolled adult members are entitled to participate in the deliberations and voting of the Council. Thus, the legislative body of the Tribe is the entire Tribe. Furthermore, individual members of the Crow Tribe do not have a vested right in Tribal property. The use and disposition of Tribal property is within the exclusive power of the Tribe, subject only to the plenary power and management control of Congress.

Section 1302(8) includes equal protection of the law and due process of the law. Plaintiff alleges he has been denied both constitutional rights. Taking equal protection first, this court is unable to find that plaintiff has been subjected to any "invidious discrimination" which amounts to a denial of due process of law. Beck v. Washington, 369 U. S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962). The governmental irregularities of which plaintiff complains affect him in the same way as they affect all other members of the Crow Tribe. The complaint does not allege that plaintiff, as an individual distinct from any other Tribal member, suffered arbitrary and intentional discrimination.

The lack of an individual deprivation of rights also exists with regard to plaintiff's due process argument. Can it be said that the governmental actions complained of deprived plaintiff of liberty or property without due process of law? Plaintiff does not allege a deprivation of liberty. It cannot be said that he was deprived of property by the actions of the Executive Committee of the Tribal Council, because he has no vested right to any property which can be the subject of Tribal action. The basic rule is stated at 16A C.J.S. Constitutional Law § 599, pages 704 to 705, as follows:

> "The constitutional guaranty that no person shall be deprived of his property without due process of law does not apply to public rights or public property; nor do the inhabitants of a political division or entity have any vested property interests in the property of the division or entity which are entitled to the protection of the due process clause."

In contrast to the present case, other cases under the Indian Bill of Rights have dealt with deprivations of individual constitutional rights. In Dodge v. Nakai, 298 F.Supp. 26 (D.Ariz.1969), for example, the exclusion of a non-member from the Reservation because of allegedly contemptuous laughter at an Advisory Committee meeting was held to be lacking in due process and an abridgment of freedom of speech. Likewise, this court has held that an action alleging improper apportionment and denial of the right to vote may be maintained in Federal court under Title 28 U.S.C., Section 1343, and Title 25 U.S.C., Section 1302. St. Marks v. Canan, Civil No. 2928, Havre-Glasgow Division, opinion dated October 23, 1970.

The dispute in the present case arises from governmental irregularities which affect plaintiff only because he is, in essence, a defendant. The court is unable to find that plaintiff's individual rights to equal protection and due process are infringed. The dispute is wholly intra-tribal. In Pinnow v. Shoshoni Tribal

Council, 314 F.Supp. 1157, 1160 (D. Wyo.1970), the court stated:

"Internal matters of tribal government are not within the bounds of federal jurisdiction unless jurisdiction is expressly conferred by Congressional enactment. There is no express provision providing for federal jurisdiction in 25 U.S.C. § 1302, more commonly known as the Indian Bill of Rights."

■ Plaintiff argues that this court is vested with jurisdiction under 28 U. S.C., Section 1343(4), which provides that "The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any person * * * to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights. * * *" As previously stated, the court does not find that this action is authorized by law to be commenced under Title 25, U. S.C., Section 1302(8). Plaintiff further argues "that when a federal law grants a civil right that persons protected by that law are authorized to bring actions to enforce the right, and that the federal district courts have jurisdiction of such actions." Spotted Eagle v. Blackfeet Tribe, 301 F.Supp. 85, 89 (D.Mont. 1969). The court agrees that it may fashion an equitable remedy where right exists. But the equities here do not mitigate in favor of a remedy. Not only is the court unable to find a constitutional violation, but to grant a remedy would be to allow plaintiff to benefit by his own inaction. Plaintiff did not at any time object to any irregularity. By his own testimony, he was not present at the Executive Committee meeting, because he thought other members would arrive late. At the Tribal Council meeting, he did not object to the lack of a quorum at the Executive Committee meeting or to the lack of proper notices. Nor did he request a vote on secret balloting or make any other objection. In short, plaintiff acquiesced in what he now alleges was error. His acquiescence in error takes away the right of objecting to it.

■ Since this is an action for declaratory judgment, it is necessary for this court's jurisdiction that "an actual controversy" exists. Title 28 U.S.C., Section 2201. In Evers v. Dwyer, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958), the Supreme Court quoted a prior decision defining the test as follows:

"Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

■ It is not clear in this case that the interests of plaintiff and the interests of defendants are adverse. There are indications that at least some of defendants should more properly be plaintiffs, because they share plaintiff's desire for a government which follows the rules it prescribes. Furthermore, because of the lack of an infringement of individual, constitutional rights, and because of the intratribal nature of the dispute, the action does not present a substantial Federal controversy.

It is the conclusion of the court that the complaint does not state a claim for relief under Title 25 U.S.C., Section 1302(8), and that this court is without jurisdiction over the subject matter of the suit. By so concluding, however, the court does not condone the irregular and unjustifiable governmental practices of the Executive Committee of the Crow Tribal Council. The Constitution, By-laws and resolutions are tools for effective government. This court suggests that they be followed more closely than the evidence in this case indicates.

It is therefore ordered that defendants' motions to dismiss the complaint are granted, and the complaint is hereby dismissed.