Thomas DeSOUSA, Petitioner,

v.

Robert ABRAMS, Attorney General of the State of New York, Respondent.

No. 79 C 687.

United States District Court, E. D. New York.

March 21, 1979.

---

Gerald L. Shargel, New York City, for petitioner.

Robert Abrams, Atty. Gen., New York City, for respondent.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Thomas DeSousa has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Although the petition states that DeSousa is presently incarcerated in the Clinton Correctional Facility, Dannemora, New York, it names Robert Abrams, Attorney General of the State of New York, as re-spondent. As such, the petition fails to comply with 28 U.S.C. § 2242, which states that an application for a writ of habeas corpus "shall allege . . . the name of the person who has custody" over the appli-cant, and Rule 2(a) of the Rules Governing Section 2254 Cases in the United Sates Dis-trict Courts, which requires that if the ap-plicant is presently in custody pursuant to the state judgment in question, the petition shall name "the [state] officer having present custody of the applicant" as respon-dent.

"The proper person to be served in the usual case is either the warden of the institution in which the [prisoner] is incar-cerated . . . or the chief officer in charge of state penal institutions." Adviso-ry Committee Note to Rule 2(a). This is because it is the "custodian" who must make the return certifying the true cause of detention, see 28 U.S.C. § 2243, and who will have to carry out the order of the court if the writ is granted. *See Osborn v. Com-monwealth, Court of Common Pleas, Craw-ford County,* 277 F.Supp. 756 (W.D.Pa. 1967). Accordingly, it has been repeatedly held that failure to name as respondent the party having custody of the applicant is fatal to the right to a writ of habeas corpus, *see e. g., Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 948 (2d Cir. 1976); *Gaito v. Strauss,* 368 F.2d 787, 788 (3d Cir. 1966); *Morehead v. State of California,* 339 F.2d 170 (9th Cir. 1964), and that a federal court has no jurisdiction to consider such an action. *See Moles v. State of Oklahoma,* 384 F.Supp. 1148 (W.D.Okl.1974).

This defect can be cured, however, merely by amending the petition. *See Ash-ley v. State of Washington,* 394 F.2d 125, 126 n. 1 (9th Cir. 1968). Moreover, the New York Attorney General represents the Su-perintendent of the Clinton Correctional Facility, "the person having custody of the person detained" (28 U.S.C. § 2243), and is therefore in a position to respond to this petition. *See Williams v. Caldwell,* 75 C 1948 (E.D.N.Y., Memorandum and Order dated January 16, 1976 at pp. 6–7). Thus, there is no point in dismissing this petition

for failure to name a proper party respondent. *Accord Britt v. McKenney,* 529 F.2d 44, 46 (1st Cir. 1976); *see also United States ex rel. Gauthreaux v. State of Illinois Pardon and Parole Board, etc.,* 447 F.Supp. 600, 602 (N.D.Ill.1978), *Williams, supra.*

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I have considered the petition preliminarily and direct that Respondent file an Answer within thirty days of this Order. It is further Ordered that petitioner shall have leave within the same period to serve and file an amendment to the petition, substituting the superintendent of the institution where he is confined as respondent.

The Clerk is directed to serve, by certified mail, a copy of the Order and the underlying petition on Respondent Abrams and the superintendent of the Clinton Correctional Facility.

So ordered.