**In re Wallace WELLS, Jr., Plaintiff,**

v.

**Robert PHILBRICK, Ronald Kirkie, Ambrose McBride, Duane Big Eagle, Richard Fleury, Vilas Hopkins and Henry Big Eagle, Individually and in their capacities as member of the Crow Creek Tribal Council, Defendants.**

Civ. 80–3006.

United States District Court,
D. South Dakota,
Central Division.

March 25, 1980.

David L. Bergren, Bergren & Duffy, Fort Pierre, S. D., for plaintiff.

Max A. Gors, Maher & Gors, Pierre, S. D., for defendants.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

### CASE SUMMARY

Plaintiff filed an amended complaint in this case on March 7, 1980, alleging jurisdiction under 42 U.S.C. § 1983, 25 U.S.C. §§ 1302, 1303 and 28 U.S.C. § 1343. Defendants moved to dismiss on March 11, 1980. After due consideration, this Court has concluded that it lacks jurisdiction over the damage portions of plaintiff's claim, and that the habeas corpus count must be dismissed for failure to state a claim. Defendant's Motion is, therefore, granted.

### FACTUAL BACKGROUND

Plaintiff is an enrolled member of the Crow Creek Sioux Tribe of South Dakota, while defendants are members of that Tribe's Council, its governing body. The facts arise out of a long-standing child custody dispute between plaintiff and his wife in Tribal Court. Apparently, the Tribal Court Judge resigned subsequent to an initial order awarding temporary custody of the children to their mother and no judge was appointed by the Council to replace him for a period of time. In June, 1979, plaintiff's wife filed a habeas corpus petition, CIV 79–3035, in this Court, alleging that the plaintiff in this action was wrongfully withholding the children from her custody in violation of that order. At a hearing held on the petition on July 5, 1979, the parties to that action agreed to attempt to work the dispute out in a Tribal context, this Court expressing the opinion that Tribal remedies should be employed.

According to plaintiff's complaint, a new Tribal Court Judge was appointed subsequent to the July 5, 1979 hearing. This Judge entered an order awarding the custody of the children, from a portion of which, plaintiff alleges, he has attempted to appeal within the Tribal Court system. Allegedly, however, no appeals court is sitting, as no appeals judges have been appointed.

Plaintiff seeks, by this action, damages for what he alleges was the Tribal Council's wrongful failure to appoint trial and appellate judges. He also seeks, by means of a writ of habeas corpus, to force defendants to produce the children before this Court.

### DISCUSSION

Plaintiff's contention of jurisdiction under 42 U.S.C. § 1983 cannot be sustained. It is a vital element of § 1983 suits that the actions of the defendants be committed under color of the law of a "State or Territory." Plaintiff does not allege that the defendants acted under color of state law, and

it has been repeatedly held that actions taken under tribal law do not give rise to a § 1983 suit. *Dry Creek Lodge, Inc. v. U. S.,* 515 F.2d 926 (10th Cir. 1975); *Native American Church v. Navajo Tribal Council,* 272 F.2d 131 (10th Cir. 1959); *Williams v. Sisseton-Wahpeton Sioux Tribal Council,* 387 F.Supp. 1194 (D.S.D.1975); *Seneca Constitutional Rights Organization v. George,* 348 F.Supp. 48 (W.D.N.Y.1972); *Loncassion v. Leekity,* 334 F.Supp. 370 (D.N.M.1971); *Toledo v. Pueblo De Jemez,* 119 F.Supp. 429 (D.N.M.1954).

■ Plaintiff seems to contend, by his complaint, that by alleging that the tribal council has in bad faith failed to appoint trial judges or appellate judges, he can bring some kind of claim for damages under the Indian Civil Rights Act, 25 U.S.C. § 1301 et seq. This contention is without merit. As *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978), held, "suits against the tribe under the ICRA are barred by its sovereign immunity from suit." 436 U.S. at 59, 98 S.Ct. at 1677. Of course, plaintiff also sues defendants in their individual capacities, and *Santa Clara Pueblo* did point out that tribal officers are "not protected by the tribe's immunity from suit." *Ibid.* But this does not mean that plaintiff can use the ICRA to derive a cause of action for damages against defendants. After an extensive review of the ICRA, the Supreme Court held, in no uncertain terms, that the only remedy available to enforce the rights created under the ICRA was that of habeas corpus. By not exposing tribal officials to the full array of federal remedies available to redress actions of federal and state officials, Congress may also have considered that resolution of statutory issues under § 1302, and particularly those issues likely to arise in a civil context, will frequently depend on questions of tribal tradition and custom which tribal forums may be in a better position to evaluate than federal courts.

436 U.S. at 71, 98 S.Ct. at 1684. If the allegations of the complaint may be taken as true, plaintiff's available tribal forums seem limited indeed. It certainly may be argued that the effect, after *Santa Clara Pueblo,* of the ICRA is to create rights while withholding any meaningful remedies to enforce them, see e. g. Comment, *Political Rights Under the Indian Civil Rights Act,* 24 S.D.L. Rev. 419 (1979), but it is for Congress, not the Courts, to resolve this state of affairs. 436 U.S. at 72, 98 S.Ct. at 1684.[1]

■ Finally, the Court turns to the habeas corpus section of plaintiff's complaint. As pointed out in the foregoing discussion, the only remedy available to vindicate rights under the Indian Civil Rights Act is that of habeas corpus, 25 U.S.C. § 1303. The Supreme Court observed in *Santa Clara Pueblo* that "the respondent in a habeas corpus action is the individual custodian of the prisoner." 436 U.S. at 59, 98 S.Ct. at 1677. *See Jones v. Biddle,* 131 F.2d 853 (8th Cir. 1942), *cert. den.* 318 U.S. 784, 63 S.Ct. 856, 87 L.Ed. 1152 (1943); *Johnson v. State,* 283 F.Supp. 494 (S.D.Fla.1968); *Osborn v. Commonwealth,* 277 F.Supp. 756 (W.D. Penn.1967). Plaintiff himself concedes in his complaint that his children are "in the custody of Patricia Wells," who is not named as a party to this action. Thus, any order directed to any of the named respondents would be utterly lacking in effect, since without custody of the children, they would be unable to produce them before this Court.[2]

1. Because of the outcome of *Santa Clara Pueblo,* plaintiff's attempt to use 28 U.S.C. § 1343 to gain jurisdiction for the damage suit cannot succeed. *Boe v. Fort Belknap Indian Community,* 455 F.Supp. 462 (D.Mont.1978).

2. This case is distinguishable from *United States ex rel. Cobell v. Cobell,* 503 F.2d 790 (9th Cir. 1974), *cert. den.* 421 U.S. 999, 95 S.Ct. 2396, 44 L.Ed.2d 666 (1975). In *Cobell,* the mother and grandmother of the children who had actual custody over them were named as respondents. Also, in that case, the Tribal Judge had made an order expressly limiting the children to the confines of the reservation, a circumstance not apparently present here. In any event, the Court has its doubts as to whether habeas corpus is properly available in federal court as a remedy in child custody disputes. *See, e. g., Sylvander v. New England Home for Little Wanderers,* 584 F.2d 1103 (1st Cir. 1978).

It is therefore the Order of this Court that defendant's Motion to Dismiss be granted, and that plaintiff's complaint be dismissed.

Dated this 25th day of March, 1980.