Donna E. AZURE–LONE FIGHT, Petitioner,

v.

**Shirley CAIN, Special Tribal Judge, Turtle Mountain Tribal Court, Respondent.**

No. A4–04–054.

United States District Court, D. North Dakota, Northwestern Division.

May 12, 2004.

Donald G. Bruce, Belcourt, ND, for Petitioner.

## ORDER DISMISSING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS RELIEF

HOVLAND, Chief Judge.

■ This action was precipitated by a recent tribal court order granting Donald Decoteau temporary custody of his two minor children. On May 4, 2004, Donna Azure–Lone Fight, the children's mother, filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, wherein she challenged the validity of the tribal court's order on jurisdictional grounds. Since Azure–Lone Fight is challenging an order of a tribal court as opposed to a state court, her petition is more properly construed as an application for habeas corpus relief under the Indian Civil Rights Act, 25 U.S.C. § 1301 *et seq.* For the reasons set forth below, the petition is denied without prejudice.

## I. BACKGROUND

Donna E. Azure–Lone Fight and Donald Decoteau have two minor children together but have never married. Azure–Lone Fight resides in Watford City, North Dakota, and Decoteau lives in Belcourt, North Dakota.

On June 25, 2002, the state district court for McKenzie County entered a Domestic Violence Protection Order directing Donald Decoteau to refrain from contacting Azure–Lone Fight. This order, which by

its own terms was scheduled to expire on June 25, 2003, also provided that Azure–Lone Fight was to have temporary custody of the two children. Azure–Lone Fight's children recently ran away from their Watford City home to Belcourt. They have since leveled allegations of child abuse and sexual abuse against Donald White Owl, Sr., Azure–Lone Fight's fiancee.

On April 20, 2004, Donald Decoteau filed a petition with the Turtle Mountain Tribal Court requesting temporary child custody. Based upon documents submitted by Tribal Officer Keith Harviell, the tribal court determined there was sufficient evidence to remove the children from Azure–Lone Fight's custody. Thereafter, on April 21, 2004, the tribal court entered an ex parte order granting Decoteau's petition, awarding Decoteau temporary custody of his two children, and scheduling a permanent custody hearing for April 28, 2004. The record is devoid of any indication of the outcome of the custody hearing.

On May 4, 2004, Azure–Lone Fight filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In her petition, Azure–Lone Fight challenged the validity of the tribal court's temporary custody order on the grounds the tribal court lacked jurisdiction over her children. Although Azure–Lone Fight has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2254, this action is more appropriately styled as an application for a writ of habeas corpus under the Indian Civil Rights Act, 25 U.S.C. § 1301 *et seq.*

## II. *LEGAL DISCUSSION*

■ The Indian Civil Rights Act authorizes habeas corpus actions by any person detained to test "the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. However, habeas corpus relief under 25 U.S.C. § 1303 is generally not available to challenge the propriety or

wisdom of a tribal court's decision in a child custody dispute. *See Weatherwax On Behalf of Carlson v. Fairbanks,* 619 F.Supp. 294, 295–296 (D.Mont.1985). Likewise, federal habeas corpus review is generally not available to challenge parental rights or child custody. *See Lehman v. Lycoming County Children's Servs. Agency,* 458 U.S. 502, 508–12, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982); *Wells v. Philbrick,* 486 F.Supp. 807, 809 (D.S.D.1980). In addition, there is nothing in the record to indicate whether Azure–Lone Fight has exhausted her tribal remedies.

The tribal exhaustion rule is an outgrowth of the federal government's longstanding policy of encouraging tribal self-government. *See Iowa Mut. Insur. Co. v. LaPlante,* 480 U.S. 9, 14, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987); *National Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 856, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). "Tribal courts play a vital role in tribal self-government, and respect for that role requires, as a matter of comity, that examination of issues of tribal sovereignty and jurisdiction be conducted in the first instance by the tribal court itself." *Reservation Tel. Co–op. v. Affiliated Tribes,* 76 F.3d 181, 184 (8th Cir.1996)

In *National Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 856, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985), the Supreme Court held that a federal court should not entertain a challenge to the jurisdiction of a tribal court until after a petitioner has exhausted the remedies available in tribal court. The Supreme Court reasoned:

> [T]he existence of and extent of a tribal court's jurisdiction will require a careful examination of tribal sovereignty, the extent to which the sovereignty has been altered, divested, or diminished, as well as a detailed study of relevant statutes, Executive Branch policy as embodied in

treaties and elsewhere, and administrative or judicial decisions.

We believe that examination should be conducted in the first instance by the Tribal Court itself. Our cases have often recognized that Congress is committed to a policy of supporting tribal self-government and self-determination. That policy favors a rule that will provide the forum whose jurisdiction is being challenged the first opportunity to evaluate the factual and legal bases for the challenge.

*National Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 855–56, 105 S.Ct. 2447. The Supreme Court has recognized exceptions to the requirement of exhaustion of tribal remedies, namely, where the assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith; where the tribe's exercise of authority is patently violative of express jurisdictional prohibitions; or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the tribal court's jurisdiction. 471 U.S. 845, 855 n. 21, 105 S.Ct. 2447.

There is nothing in the record to indicate whether Azure–Lone Fight has exhausted her tribal remedies. Moreover, Azure–Lone Fight has not invoked any of the aforementioned exceptions to the tribal exhaustion doctrine. Therefore, the Court finds it appropriate to stay its hand until the tribal court has had a full opportunity to determine its own jurisdiction. *Strate v. A–1 Contractors,* 520 U.S. 438, 449, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997). More important, habeas corpus relief is generally not available to challenge the validity or propriety of tribal court decisions in child custody disputes. *See Doe v. Doe,* 660 F.2d 101 (4th Cir.1981); *Sylvander v. New England Home for Little Wanderers,* 584 F.2d 1103 (1st Cir.1978). It is clear the petitioner is not entitled to habeas corpus relief in federal court to test the validity of a custody decree of an Indian tribal court. The Court declines to entertain Azure–Lone Fight's challenge to the jurisdiction of the tribal court. Azure–Lone Fight's petition for habeas corpus relief (Docket No. 1) is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**