# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3735

_____

James Van Nguyen

*Plaintiff - Appellant*

v.

Patricia Foley, in her individual and official capacity; Jody Alholinna, in her individual and official capacity; Nancy Martin, in her individual and official capacity; Charli R. Vig, in his individual and official capacity; Keith B. Anderson, in his individual and official capacity; Rebecca Crooks-Stratton, in her individual and official capacity; Cole W. Miller, in his individual and official capacity

*Defendants - Appellees*

_____

No. 21-3821

_____

James Van Nguyen

*Plaintiff - Appellee*

v.

Patricia Foley, in her individual and official capacity; Jody Alholinna, in her individual and official capacity; Nancy Martin, in her individual and official capacity; Charli R. Vig, in his individual and official capacity; Keith B. Anderson, in his individual and official capacity; Rebecca Crooks-Stratton, in her individual and official capacity; Cole W. Miller, in his individual and official capacity

*Defendants - Appellants*

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

James Nguyen appeals following the district court's[1] dismissal of his civil rights action. Upon careful de novo review, see Montin v. Moore, 846 F.3d 289, 292 (8th Cir. 2017) (standard of review), we affirm.

We agree with the district court that Nguyen's 42 U.S.C. § 1983 claims failed, as he alleged defendants acted under color of tribal, not state, law. See Stanko v. Oglala Sioux Tribe, 916 F.3d 694, 698 (8th Cir. 2019) (plaintiff's § 1983 claim was properly dismissed where he alleged defendants acted under color of tribal or federal, not state, law). We also agree that his claims under the Indian Civil Rights Act (ICRA) failed, as only habeas corpus relief is available under that statute, and habeas relief was unavailable to challenge a tribal court's custody order. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 70-72 (1978) (ICRA does not authorize actions for injunctive relief against tribe or its officers; only available remedy is habeas corpus); Azure-Lone Fight v. Cain, 317 F. Supp. 2d 1148, 1151 (D. N.D. 2004) (habeas relief

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

under ICRA is not available to challenge propriety of tribal judge's decision in custody matter).[2]

We dismiss defendants' cross-appeal for lack of standing, as they were the prevailing parties below. See Cutcliff v. Reuter, 791 F.3d 875, 880 (8th Cir. 2015) (party may be aggrieved by district court decision that adversely affects its legal rights or position as to other parties in case or other potential litigants, but desire for better precedent does not by itself confer standing to appeal); United States v. Northshore Mining Co., 576 F.3d 840, 847 (8th Cir. 2009) (dismissing appeal, as prevailing party could not appeal from district court's order; allegedly adverse collateral ruling was not necessary to district court's judgment, and prevailing party did not challenge judgment itself). We grant defendants' motion to seal; the clerk's office is directed to seal Nguyen's reply brief.

The judgment is affirmed. See 8th Cir. R. 47B.

_____

---

[2]Nguyen has not appealed the dismissal of the claims against former guardian ad litem Jody Alholinna. See Fed. R. App. P. 3(c)(6) (appellant may designate only part of judgment or order by expressly stating that notice of appeal is so limited). We decline to consider Nguyen's new arguments on appeal. See Oglesby v. Lesan, 929 F.3d 526, 534 (8th Cir. 2019).